## IN THE CIRCUIT COURT FOR LAFAYETTE COUNTY, MISSISSIPPI

NICHOLAS SERVICES, LLC                                              PLAINTIFF

VS.                                                        CAUSE NO. L25-25

SIGNATURE AVIATION USA LLC                              DEFENDANT

*LAFAYETTE COUNTY FILED JUN 27 2025 JEFF BUSBY CIRCUIT CLERK D.C.*

### COMPLAINT
### JURY TRIAL DEMANDED

Plaintiff Nicholas Services, LLC ("Nicholas" or "Plaintiff") files this Complaint against Defendant Signature Aviation USA LLC ("Signature"), as follows.

1. Nicholas is a limited liability company organized in the State of Delaware and headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. It provides private air transportation services and operates under 14 C.F.R. Part 135.

2. Signature is a Florida limited liability company with its principal place of business at 13485 Veterans Way, Suite 600, Orlando, FL 32827.

3. This Court has subject matter jurisdiction because Plaintiff seeks monetary damages in excess of $200,000.

4. This Court has personal jurisdiction over Signature because it committed a tort that caused injury in Mississippi.

5. At all times pertinent to this litigation, Plaintiff has owned and operated a Challenger 300 aircraft bearing registration number N622N (the "Subject Aircraft").

6. Venue is appropriate in Lafayette County because the Plaintiff and Aircraft is headquartered with its principal base of operations here.

7. Signature offers numerous services in and to the aviation industry; among other things, it provides Fixed-Base Operator (FBO) services to private aircraft at various airports, including the Santa Fe New Mexico Regional Airport in Santa Fe, New Mexico("SAF").

8.  Some of the services that Signature FBO provides at SAF are fueling, passenger amenities, and transport/towing of planes to hangars; Plaintiff is essentially Defendant's customer and spends in excess of Twenty-Five Million Dollars ($25,000,000) annually on fuel alone.

9.  On January 4, 2025, Signature through its employee(s), agent(s), and/or personnel, catastrophically damaged the Subject Aircraft's nose landing gear, brakes, and other components and/or parts by incorrectly installing the tow pin before towing the Subject Aircraft, causing the tow bar to disconnect from the towhead while towing the Subject Aircraft.

10. To date, Signature has not disputed that its acts were negligent.

11. More than that, Signature immediately stated that it or someone acting on its behalf would pay for repairs to the Subject Aircraft so that it could be returned to service at the earliest possible date.

12. Prior to January 4, 2025, the Subject Aircraft's components at issue were in good and normal operating condition, and were well-maintained.

13. Despite repeated requests, Signature has not paid Plaintiff for the damage that Signature caused or caused the necessary repairs to the Subject Aircraft to be made.

14. As a result, Plaintiff has been forced to bear the cost of repairs, in an amount not less than $772,388.76.

15. Plaintiff has advanced payment for some of the services rendered, but interest is accruing for those services that remain unpaid.

16. Plaintiff has also sustained substantial lost profits due to the Subject Aircraft being out of service. Those damages exceed $1 million, with the precise amount to be proven at trial.

17. Nicholas has a member-based service model.

18. Nicholas' members must purchase a jet card, lease, or fractional ownership to use Nicholas' services.

19. Nicholas' business model is to provide exceptional member service by, among other things, ensuring that it has specific aircraft types in service so that members can utilize the type of aircraft that the member requests and is entitled to under their membership agreement.

20. Accordingly, when Nicholas is unable to provide the type of aircraft that its member requests, it sustains reputational harm, revenue losses due to forced down-grade or free upgrades in aircraft type, and future financial harm due to non-renewals of memberships

## COUNT ONE – NEGLIGENCE

21. Plaintiff incorporates the preceding paragraphs herein by reference.

22. Signature, acting through its employees/agents, had a duty to use reasonable care in towing the Subject Aircraft.

23. In addition, having caused Plaintiff damage, Signature had the obligation to pay for any necessary repairs to return the aircraft to service, so that Plaintiff would not suffer continuing damages.

24. Defendant and/or agents for whom it is vicariously liable have breached these duties by failing to properly secure the towing pin when it secured the Subject Aircraft, and by failing to promptly pay for Plaintiff's necessary repairs.

25. Upon information and belief, Defendant also breached its duty to reasonably train and/or monitor its employees/agents who performed the tow pin placement.

26. As a proximate cause of Defendant's breach of duty, Plaintiff was damaged—it had to pay for the repair of the Subject Aircraft, it lost the use of the Subject Aircraft for an extended period of time, and it suffered other losses and harms.

27. Defendant's breaches were so negligent as to entitle Plaintiff to punitive damages and attorney's fees.

## PRAYER FOR RELIEF

3

For these reasons, Plaintiff requests the following:

a. Actual damages to be established, including attorneys' fees;

b. Punitive damages;

c. Prejudgment and post judgment interest;

d. Court costs and related expenses; and

e. All other relief to which it is entitled, including any relief that is included by subsequent amendment.

Respectfully submitted, this, the 27th day of June, 2025

          Respectfully submitted,

          NICHOLAS SERVICES, LLC

          By Its Attorneys,

          BAKER DONELSON BEARMAN
          CALDWELL & BERKOWITZ, PC

          By:/_____
              D. Sterling Kidd

OF COUNSEL:
D. Sterling Kidd (MSB No. 103670)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-6391
*Telephone*: (601) 351-2400
*Facsimile*: (601) 351-2424